THE PEOPLE v. SILVA.

APPEAL from the District Court of Ponce.

No. 347.—Decided May 18, 1911.

CRIMINAL LAW—ADULTERATION OF MILK—HEARSAY EVIDENCE—OBJECTIONS MADE FOR FIRST TIME ON APPEAL.—When the defendant allows the introduction of evidence that could have been stricken out if due exception had been taken in the district court, exception to such evidence for the first time cannot be allowed in the appellate court. (*Falero* v. *Falero,* 15 P. R., 111.)

ID.—EFFECT OF EVIDENCE—PRESUMPTION OF EFFECT THEREOF—ADMISSION OF IMPERTINENT EVIDENCE.—The admission of impertinent evidence without objection thereto by the defendant shall have effect against him, and when it is hearsay testimony it will affect the weight thereof only. When the case is tried before a court of law without a jury, the admission of impertinent evidence is presumed not to affect the result thereof. (*Calvo* v. *Belber,* 16 P. R., 342.)

The facts are stated in the opinion.
*Mr. Tomás Castillo* for appellant.
*Mr. Jesús M. Rossy, fiscal,* for respondent.
MR. JUSTICE WOLF delivered the opinion of the court.

In the District Court of Ponce on December 7, 1910, José Silva was charged with having offered for sale as pure milk which was adulterated. He was tried on January 21, 1911, found guilty, and was sentenced to 30 days in jail, and the costs. The grounds of appeal are two, namely, that the judgment is insufficient to support a conviction, and that the judgment is contrary to the evidence.

Two Insular policemen, suspecting that José Silva was selling milk without a license, placed his store under observation. They testified that they saw a number of people coming from his place carrying jugs, and in the case of one boy they examined the contents and found that it was milk; that they also got one man to go in, so they allege, to buy 2 cents' worth of milk, of which they possessed themselves. They also testified that they went to the store subsequently and seized some of the milk and made three samples of it, one of which was left in the possession of the defendant, one they kept, and one was turned over to the inspector of milk.

It is conceded that the milk was adulterated. The appellant alleges, among other things, that a good part of the testimony of the policemen was hearsay. No objection on this ground was made in the court below. When a defendant permits evidence to go in which, if proper objection were made would be excluded, he cannot be allowed for the first time in the appellate court to object to the character of the evidence. (*Falero et al.* v. *Falero* [15 P. R., 111], judgment of February 19, 1909.) Both parties may agree, for example, to suffer certain evidence to go in to avoid the necessity of summoning a number of witnesses. If the objectionable proof is probatory in its nature, it will bind the defendant if he does not object. If no objection is made, the matter of hearsay testimony affects only the weight of the evidence. Where a case is tried by the court, the admission of improper evidence is generally to be presumed not to affect the result. (*Belber* v. *Calvo* [16 P. R., 342], judgment

of May 19, 1910.)   The appellant offered proof to show that the milk finally seized was not being offered for sale, but was only for his own use.   In the face of the fact that the defendant owned a store in which he was selling milk, and people were observed coming away from it with jugs in which milk was generally carried, and one of these jugs was examined and subsequently milk was found on his premises which turned out to be adulterated, these facts make out a *prima facie* case of guilt.   The court was not bound to believe the appellant's statement that he intended this milk for his own use.   We have been nominally discussing the question of the sufficiency of the proof, but the question of conflict has also been involved in the discussion.   The appellant urged, besides, among other things, that the man whom the policemen employed to get 2 cents' worth of milk said that he obtained it from some one else.   There was enough evidence, hearsay and otherwise, to permit the court to discredit this testimony.   But there was independent evidence, as we have indicated, tending to show that the appellant had adulterated milk in his possession which he was offering for sale.

We find no error in the record, and the judgment must be affirmed.

*Affirmed.*

Chief Justice Hernández and Justices MacLeary, del Toro, and Aldrey concurred.